UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

RICHARD HILLS

                      Plaintiffs,

      -against-

TARGET CORPORATION, and WILFREDO DIAZ,
JASON QUINTERO AND LLAMAR HIBBARD,
TARGET STORE SECURITY GUARDS, THE CITY
OF NEW YORK, PO "JOHN" O'CONNOR,
"JOE" ROTH, and JIM "DELAFIO", Officers
of the NYPD - 44th Pct.

                      Defendants.
---------------------------------------------------------------X

Docket No.: 13CV02535

SECOND AMENDED COMPLAINT



RECEIVED
JAN 28 2014
U.S.D.C. S.D. N.Y.
CASHIERS

## PRELIMINARY STATEMENT

    The plaintiff brings this action against defendants pursuant to the Constitution of the United States and of New York State, and the NYC Human Rights Law sections 8-502 and 8-603. Plaintiff also brings suit under the common law of the State of New York against TARGET CORPORATION, and WILFREDO DIAZ, JASON QUINTERO AND LLAMAR HIBBARD TARGET STORE SECURITY GUARDS (Hereinafter "the individual defendants") THE CITY OF NEW YORK, PO "JOHN" O'CONNOR, "JOE" ROTH, and JIM "DELAFIO", Officers of the NYPD - 44th Pct. to redress the deprivation under color of law of plaintiff's rights, privileges and immunities secured by the the Laws and Constitution of the United States, NYC , the NYC Administrative Code and the NY State common law. Plaintiff seeks money damages to redress and remedy the deprivations of her constitutional rights.

    It is alleged that the defendants assaulted and battered the person of plaintiff, falsely arrested him, imprisoned him, and. It is further alleged that these violations and torts were committed as a result of the policies, practices and customs of TARGET CORPORATION and THE CITY OF NEW YORK, in Violation of 42 USC section 1983. Costs and disbursements under 42 USC section 1988 are sought. Civil Penalties under NYC Administrative Code section 8-603 are sought.

## JURISDICTION AND VENUE

1. All of the actions, omissions, and events complained of took place within the County of Bronx, State of New York, and within the venue of this court.

2. The amount in controversy exclusive of interests and costs exceeds the jurisdictional limits of all lower courts.

## STATE CAUSES OF ACTION - PROCEDURAL FACTS

3. The allegations of paragraphs 1-2 are incorporated by reference herein as though fully set forth.

4. On 03/01/13, and within 90 days of the date of this incident, plaintiff caused a Notice of Claim in writing, sworn to and verified by the plaintiff, to be served upon THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT at the Office of the New York City Law Department.

5. At least thirty (30) days have elapsed prior to the commencement of this action since the claim was presented to said defendant THE CITY OF NEW YORK for adjustment as aforesaid and it has refused to adjust or make payment thereof for thirty (30) days after said presentation.

6. This action was commenced within one year after the cause of action thereof occurred.

7. This action is timely commenced pursuant to General Municipal Law, subsection 50-I(1).

8. Defendant failed to demand a 50-H hearing in this matter within 90 days of the service of the notice of claim and thus has waived a 50-H hearing under GML 50-h(2) which provides that no demand for examination shall be effective against the claimant for any purpose unless it shall be served as provided in this subdivision within

ninety days from the date of filing of the notice of claim. Government Empls. Ins. Co. v Agostino 2010 NY Slip Op 50817(U) [27 Misc 3d 1220(A)].

## PARTIES

9. The plaintiff is a citizen of the United States and a resident of the County of Bronx, City and State of New York.

10. Defendant TARGET CORPORATION, is a foreign corporation, organized and existing under the laws of Minnesota, which owns and operates stores around the world and has a principal place of business in Minnesota, and pursuant to law is capable of suing and being sued in this court.

11. Defendant TARGET CORPORATION is responsible for the hiring training, supervision, retention, control and discipline of it's security staff, including the individual defendants.

12. Defendant TARGET CORPORATION is and was the employer of the security staff, the individual defendants which detained plaintiffs, to wit; WILFREDO DIAZ, JASON QUINTERO, and LLAMAR HIBBARD. (Hereinafter "the individual defendants").

13. Defendant TARGET CORPORATION is also responsible for the operation, practices, and totality of conditions of the TARGET store located at 131 West 34th St., NY, NY.

14. Defendant TARGET CORPORATION is also responsible for the operation, practices, retention, hiring, supervision, training, control and discipline of the security staff, the individual defendants who were employed at the TARGET store located at 700 Exterior St., Bronx, NY.

15. Defendant TARGET CORPORATION is and was the employer of it's security staff, the individual defendants employed at the TARGET store located at 700

Exterior St., Bronx, NY.

16. Defendant TARGET CORPORATION has a constitutional and statutory responsibility for the conditions at the TARGET store located at 700 Exterior St., Bronx NY., and is responsible for ensuring that the operations of said business are in conformity with constitutional requisites.

17. Defendant TARGET CORPORATION was responsible for ensuring that their security staff, the individual defendants, obeyed the regulations of TARGET CORPORATION the laws and the Constitution of the State of New York and the United States and the NYC Human Rights Law.

18. The Individual defendants involved in detaining plaintiff were at all times herein mentioned acting in such capacity as the agent, servant and employee of TARGET CORPORATION.

19. The Individual defendants involved in detaining plaintiff were at all times relevant to this complaint duly appointed and acting security officers of the TARGET CORPORATION, acting under color of law; to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and TARGET CORPORATION.

20. At all times relevant hereto defendants were acting under color of law, state authority, statute, custom or usage, and pursuant to their official authority. All of the actions were done intentionally.

21. Defendant THE CITY OF NEW YORK (Hereinafter referred to as "THE CITY") is a body corporate and politic, duly organized and existing under and by virtue of the laws of the State of New York, and pursuant to law is capable of suing and being sued in this court.

22. At all times hereinafter mentioned the defendant THE NEW YORK CITY POLICE DEPARTMENT(Hereinafter referred to as "NYPD") was and still is a subdivision subject to the control of the THE CITY.

23. Upon information and belief, defendant NYPD is a division of THE CITY organized and existing under and by virtue of the laws of THE CITY and the State of New York.

24. Defendant THE CITY is responsible for the policies, practices and customs of NYPD.

25. Defendant THE CITY is responsible for the hiring training, supervision, retention, control and discipline of NYPD and its officers.

26. Defendant THE CITY is and was the employer of the personnel named herein as individual defendant police officers.

27. Defendant THE CITY is also responsible for the operation, practices, and totality of conditions of the NYPD.

28. Defendant NYPD is responsible for the policies, practices and customs of NYPD.

29. Defendant NYPD is responsible for the hiring training, supervision, retention, control and discipline of NYPD and their officers.

30. Defendant NYPD is and was the employer of the personnel named herein as individual defendants.

31. Defendant NYPD is also responsible for the operation, practices, and totality of conditions of the NYPD.

32. THE CITY acts, or fails to act through its policy-making officials including but not limited to its supervisor, town board, and the chief of the NYPD; the acts and edicts of these policy making officials represent also the policies, practices and customs of THE CITY.

33. THE CITY and NYPD have, jointly and severally, a constitutional and statutory responsibility for the conditions at the NYPD and are jointly and severally responsible for ensuring that the operations of said precinct are in conformity with constitutional requisites.

34. THE CITY and NYPD are and were jointly and severally responsible for ensuring that the police officers of the NYPD and more specifically those officers named as defendants herein, obeyed the regulations of the NYPD, THE CITY, the ordinances and laws of THE CITY, and the laws and the Constitution of the State of New York and the United States.

35. Defendants, PO "JOHN" O'CONNOR, "JOE" ROTH, and JIM "DELAFIO", Officers of the NYPD - 44th Pct., police officers of THE NEW YORK CITY POLICE DEPARTMENT, are and were police officers of the NYPD and employees of the NYPD and of THE CITY, and at all times herein were acting in such capacity as the agents, servants and employees of NYPD and THE CITY.

36. The defendant officers were at all times relevant to this complaint duly appointed and acting officers of the NYPD and of THE CITY, acting under color of law; to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and THE CITY and NYPD.

37. At all times relevant hereto and in all of their actions described herein, each defendant was acting under color of law, state authority, statute, custom or usage, and pursuant to their official authority. All of the actions were done intentionally.

## FACTS

38. On February 22, 2013, at about 9-9:30pm, at the Target Store at 700 Exterior St., Bronx, NY. There, the claimant was falsely arrested, imprisoned, assaulted and battered, and subject to violation of 42 USC 1983 via use of excessive force. At that date and time, the claimant was in the store with an item previously purchased at another store, and had a receipt for that purchase, when he was, without probable cause detained, caused to be searched, accused of stealing, and this was found not to be the case, he had not stolen anything, and had a receipt for his purchase. Moreover,

claimant was caused to be placed in a small closet like room in an attempt to have him sign a confession to stealing which he did not do. After claimant refused to sign a confession and after being detained for about a half hour, he was let go and not charged. However his property was not given back to him but kept by store security.

39. Plaintiff was lawfully present at the location when Defendants by their agents, servants and/or employees intentionally assaulted and battered the claimant herein as specified above in the course of effectuating a false arrest without probable cause to believe the claimant herein committed any crime or offense.

40. Plaintiff was verbally abused and subjected to verbal intimidation by defendants; the force used consisted of detaining him for at least one hour to coerce him into signing documents, and was excessive.

41. Plaintiff had not resisted or assaulted the defendants in any way, and such force as was used against them was unnecessary, unreasonable, and excessive.

42. At no time during the events described above was the plaintiff intoxicated, incapacitated or disorderly, or a threat to the safety of himself or others. He had committed no criminal offenses.

43. The defendant had no warrant for the arrest of the plaintiff, no probable cause for the arrest of the plaintiff, and no legal excuse or cause to seize the person of the plaintiff.

44. All of the above acts were done both individually and in concert and intentionally and while acting under color of law, and in the scope of employment with TARGET CORPORATION and THE CITY OF NEW YORK . It was a conspiracy to deprive the plaintiffs of their civil rights guaranteed under the Constitution of the State of New York and the United States and the laws of New York State and the laws of the United States.

45. TARGET CORPORATION had a policy of not training their employees with respect to the proper use of force and allowing persons such as plaintiff herein to

be assaulted and falsely arrested. .

46. If TARGET CORPORATION had a policy of training their employees with respect to the proper use of force, same was not enforced.

47. On information and belief, the abuse to which the plaintiff was subjected was consistent with an institutionalized practice of TARGET CORPORATION which was known to them and/or ratified by TARGET CORPORATION, with the defendants at no time having taken any effective action to prevent their employees from continuing to engage in such misconduct and violation of constitutional rights and violations of law.

48. On information and belief, defendant TARGET CORPORATION had prior notice of the vicious propensities of their security staff, the individual defendants, the individual defendants but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority or to terminate their employment. The failure to properly train their staff, the individual defendants, the individual defendants included the failure to instruct them in applicable sections of the New York State Penal Law, and proper use of force, and failed to properly train them with respect to the constitutional rights of citizens.

49. On information and belief TARGET CORPORATION authorized, tolerated as institutional practices, and ratified the misconduct heretofore described.

50. Upon information and belief, Defendant TARGET CORPORATION , is a state actor and subject to liability pursuant to 42 USC section 1983 in that the NYC police rely on the store's employees to perform police functions, for example, the police detain accused shoplifters without making an independent investigation, and/or pursuant to a customary plan between the store and the police department." Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001), cert. denied 122 S.Ct. 1606 (2002).

51. Upon information and belief, Defendant TARGET CORPORATION is a state actor and subject to liability pursuant to 42 USC section 1983 in that, as in Murray

-8-

v. Wal-Mart, Inc., 874 F.2d 555, 559 (8th Cir. 1989), their store employees are members of the local police force and/or have a close relationship with the local prosecutor

52. Upon information and belief,. Plaintiff was not listed as or described as a suspect or target on any warrant or application for any warrant.

53. Defendants knew plaintiff had not committed any offense.

54. The officers had no probable cause to arrest the plaintiff for any crime.

55. The officers had no probable cause to arrest the plaintiff.

56. At no time did the defendants possess information that would lead a reasonable police officer to believe that probable cause existed to arrest plaintiff

57. As a result of the foregoing plaintiff suffered mental anguish, shock, fright, apprehension, embarrassment, humiliation and deprivation of their constitutional rights.

58. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described, and lent their physical presence and support and the authority of their office to each other during said events.

59. All of the above acts were done both individually and in concert and intentionally and while acting under color of law, and in the scope of employment with THE CITY and the NYPD. It was a conspiracy to deprive the plaintiffs of their civil rights guaranteed under the Constitution of the State of New York and the United States and the laws of New York State and the laws of the United States.

60. THE CITY and the NYPD had a policy of not training their employees with respect to the proper use of force and allowing persons such as plaintiffs herein to be assaulted, battered and improperly searched and seized.

61. If THE CITY and NYPD had a policy of training their employees with respect to the proper use of force, same was not enforced.

62. On information and belief, the abuse to which the plaintiff was subjected

was consistent with an institutionalized practice of THE CITY and the NYPD which was known to them and/or ratified by THE CITY and the NYPD, with the defendants at no time having taken any effective action to prevent their employees from continuing to engage in such misconduct and violation of constitutional rights and violations of law.

63. On information and belief, defendant THE CITY and the NYPD had prior notice of the vicious propensities of the individual defendants but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority or to terminate their employment. The failure to properly train defendants included the failure to instruct them in applicable sections of the New York State Penal Law, and proper use of force, and failed to properly train them with respect to the constitutional rights of citizens.

64. As a direct and proximate result of the said acts of the defendants, and the abuse of authority detailed above, the plaintiffs suffered the following injuries and damages:
 a. Violation of constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure to his person:
 b. Loss of physical liberty:
 c. Physical pain and suffering and emotional trauma and suffering.

65. The actions of the defendants violated the following clearly established and well settled federal constitutional rights of plaintiff:

 a. Freedom from unreasonable search and seizure of her person.
 b. Freedom from the use of excessive, unreasonable and unjustified use of force against her person.

### FEDERAL CAUSES OF ACTION

### COUNT I: 42 U.S.C. SECTION 1983 AGAINST TARGET CORPORATION

66. Paragraphs 1-65 are incorporated herein by reference as though fully set

-10-

forth.

67. Prior to February 22, 2013, TARGET CORPORATION developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in their stores, which caused the violation of plaintiff's rights.

68. It was the policy and/or custom of TARGET CORPORATION to inadequately and improperly investigate citizen complaints of their security staff, the individual defendants, the individual defendants misconduct, and acts of misconduct were instead tolerated by TARGET CORPORATION.

69. It was the custom and policy of TARGET CORPORATION to inadequately supervise and train and retain and hire their security officers thereby failing adequately to discourage further constitutional violations on the part of their security officers. TARGET CORPORATION did not require appropriate in-service training or re-training of officers who were known to have engaged in misconduct.

70. As a result of the above described policies and customs, the individual defendants, security officers of TARGET CORPORATION, believed that their actions would not be properly monitored by supervisory staff, the individual defendants, the individual defendants and that misconduct would not be sanctioned or investigated, but would be tolerated.

71. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of TARGET CORPORATION to the constitutional rights of persons within their stores and were the cause of the violations of plaintiff's rights alleged herein.

72. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against TARGET CORPORATION for violation of her constitutional rights under color of law, in an amount exceeding the jurisdiction of all lower courts.

## COUNT II: 42 U.S.C. SECTION 1983 AGAINST THE CITY AND THE NYPD

73. Paragraphs 1-72 are incorporated herein by reference as though fully set forth.

74. Prior to February 22, 2013, THE CITY and the NYPD developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in THE CITY, which caused the violation of plaintiff's rights.

75. It was the policy and/or custom of THE CITY and the NYPD to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by THE CITY and the NYPD.

76. It was the custom and policy of THE CITY and the NYPD to inadequately supervise and train and retain and hire their police officers including the defendant officers, thereby failing adequately to discourage further constitutional violations on the part of their police officers. THE CITY and the NYPD did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

77. As a result of the above described policies and customs, police officers of THE CITY and the NYPD, including the defendant officers believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be sanctioned or investigated, but would be tolerated.

78. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of THE CITY and the NYPD to the constitutional rights of persons within THE CITY and were the cause of the violations of plaintiff's rights alleged herein.

79. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against THE CITY and the NYPD for violation of his constitutional rights under color of law, in an amount to be determined by a jury after due trial.

## COUNT III: 42 U.S.C. SECTION 1983 AGAINST INDIVIDUAL DEFENDANTS

80. Paragraphs 1 through 79 are incorporated herein by reference as though fully set forth.

81. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against the individual defendants WILFREDO DIAZ, JASON QUINTERO, and LLAMAR HIBBARD, and PO "JOHN" O'CONNOR, "JOE" ROTH, and JIM "DELAFIO", Officers of the NYPD - 44th Pct. for violation of his constitutional rights under color of law, in an amount exceeding the jurisdiction of all lower courts

## COUNT IV: ASSAULT AND BATTERY

82. The allegations of Paragraphs 1-81 are incorporated by reference herein as though fully set forth.

83. The security staff, the individual defendants, and PO "JOHN" O'CONNOR, "JOE" ROTH, and JIM "DELAFIO", Officers of the NYPD - 44th Pct. were working within the scope of their authority when they committed the actions described above generally and specifically those actions delineated in paragraphs 38-65 above, and thereby assaulted and battered the plaintiff.

84. The assault and battery aforesaid were without probable cause.

85. The security staff, the individual defendants, the individual defendants detaining plaintiff were working within the scope of their employment when he committed the actions described above generally and specifically those actions delineated in paragraphs 38-65 above, and thereby assaulted and battered the plaintiff.

86. As a result of the aforesaid assault and battery, the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered emotional distress, in an amount exceeding the

jurisdiction of all lower courts.

### COUNT V: FALSE ARREST AND IMPRISONMENT

87. The allegations of Paragraphs 1-86 are incorporated by reference herein as though fully set forth.

88. The security staff, the individual defendants, and PO "JOHN" O'CONNOR, "JOE" ROTH, and JIM "DELAFIO", Officers of the NYPD - 44th Pct. detaining plaintiff were working within the scope of their authority when they committed the actions described above generally and specifically those actions delineated in paragraphs 38-65 above, and thereby confined the plaintiff without privilege.

89. The confinement aforesaid was without probable cause or privilege.

90. The security staff, the individual defendants, the individual defendants detaining plaintiff were working within the scope of employment when he committed the actions described above generally and specifically those actions delineated in paragraphs 38-65 above, and thereby confined the plaintiff without privilege.

91. As a result of the aforesaid confinement, the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered emotional distress, in an amount exceeding the jurisdiction of all lower courts.

### COUNT VI: NEGLIGENT RETENTION, TRAINING AND HIRING - TARGET

92. The allegations of paragraphs 1-91 are incorporated by reference herein as though fully set forth.

93. TARGET CORPORATION was responsible for hiring security officers who were competent and capable of properly carrying out their job without causing

-14-

injury to persons including the plaintiff herein.

94. The defendant TARGET, INC was negligent, reckless, and careless in the hiring of their security officers.

95. The defendant TARGET, INC negligently failed to investigate and determine whether their security officers were capable and competent.

96. TARGET, INC were responsible for retaining security officers who were competent and capable of properly carrying out their job without causing injury to persons including the plaintiff herein.

97. The defendant TARGET, INC was negligent, reckless, and careless in the retaining of their security officers, in that they knew or should have known based on information available to them that their security officers were not competent or capable, and/or exhibited vicious propensities.

98. The defendant TARGET, INC negligently failed to investigate and determine whether their security officers were capable and competent.

99. TARGET, INC was responsible for training security officers to render them competent and capable of properly carrying out their jobs without causing injury to persons including the plaintiff herein.

100. The defendant TARGET, INC was negligent, reckless, and careless in the training of their security officers, in that they failed to render such training would render the defendant security officers competent and capable, and/or ameliorate their vicious propensities.

101. The defendant TARGET, INC negligently failed to train their security officers and render them capable and competent.

102. As a result of the aforesaid negligence, the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered emotional distress, in an amount exceeding the jurisdiction of all lower courts.

## COUNT VII. NEGLIGENT RETENTION, TRAINING AND HIRING - CITY

103. The allegations of paragraphs 1-102 are incorporated by reference herein as though fully set forth.

104. THE CITY and the NYPD were responsible for hiring police officers, including the defendant police officers, who were competent and capable of properly carrying out their job without causing injury to persons including the plaintiff herein.

105. The defendant THE CITY and the NYPD were negligent, reckless, and careless in the hiring of the defendant police officers.

106. The defendant THE CITY and the NYPD negligently failed to investigate and determine whether the defendant police officers were capable and competent.

107. THE CITY and the NYPD were responsible for retaining police officers, including the defendant police officers, who were competent and capable of properly carrying out their job without causing injury to persons including the plaintiff herein.

108. The defendant THE CITY and the NYPD were negligent, reckless, and careless in the retaining of the defendant police officers, in that they knew or should have known based on information available to them that the defendant police officers were not competent or capable, and/or exhibited vicious propensities.

109. The defendant THE CITY and the NYPD negligently failed to investigate and determine whether the defendant police officers were capable and competent.

110. THE CITY and the NYPD were responsible for training police officers, including the defendant police officers, to render them competent and capable of properly carrying out their job without causing injury to persons including the plaintiff herein.

111. The defendant THE CITY and the NYPD were negligent, reckless, and careless in the training of the defendant police officers, in that they failed to render

such training would render the defendant police officers competent and capable, and/or ameliorate their vicious propensities.

112. The defendant THE CITY and the NYPD negligently failed to train the officers and render the defendant police officers capable and competent.

113. As a result of the aforesaid negligence, the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered emotional distress, in an amount exceeding the jurisdictional limits of all lower courts.

## COUNT VIII. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

114. The allegations of paragraphs 1-89 are incorporated by reference herein as though fully set forth.

115. The defendant's security staff, the individual defendants, PO "JOHN" O'CONNOR, "JOE" ROTH, and JIM "DELAFIO", Officers of the NYPD - 44th Pct were working within the scope of employment when they committed the actions described above generally and specifically those actions delineated in paragraphs 32-59 above, those actions were intentionally and/or recklessly performed.

116. The defendants conduct jointly and severally was outrageous.

117. The defendants joint and several conduct caused the plaintiff to suffer extreme emotional distress.

118. As a result of the aforesaid intentional infliction of severe emotional distress, the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and sufferred extreme emotional distress, in an amount exceeding the jurisdiction of all lower courts.

Wherefore, the plaintiff requests that this Court:

a. Award compensatory damages to the plaintiff against the defendants, jointly and severally, in in an amount exceeding the jurisdiction of all lower courts
b. Award the costs of this action to the plaintiff.
c. Award reasonable attorneys fees to the plaintiff under 42 U.S.C. Section 1988 and/or any other applicable laws.
d. Award punitive damages in in an amount exceeding the jurisdiction of all lower courts
e. Award such other and further relief as this Court may deem appropriate.

Dated: Carmel, New York
January 8, 2014

_____
JOHN P. GRILL (Grill9446)
LAW OFFICE OF JOHN P. GRILL, PC
229 Nimham Road
Carmel, NY 10512
(845) 225-9587

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD HILLS

                Plaintiffs,

                                                    **1:13 CV 02535**

      -against-

TARGET CORPORATION, and JOHN DOE, JAMES DOE AND JEFF COE (Names being fictitious but intended to name store security guards involved in the underlying incident) TARGET STORE SECURITY GUARDS, THE CITY OF NEW YORK, PO "JOHN" O'CONNOR, "JOE" ROTH, and JIM "DELAFIO", Officers of the NYPD - 44th Pct.

                Defendants

## SUMMONS WITH AMENDED COMPLAINT

LAW OFFICES OF JOHN P. GRILL, PC
Attorneys for Plaintiff(s)
229 Nimham Road
Carmel, NY 10512
(917) 601-5507
(845) 225-9587 (Fax)

To:

Attorney(s) for

Service of a copy of the within is hereby admitted.

Dated:

..........................................................................

                Attorney(s) for